Filed 7/9/26

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| In re the Marriage of CLAUDIA Z. MARTINEZ and JUAN E. CAMOU. | B345397 (Los Angeles County Super. Ct. No. 22STFL13678) |
| CLAUDIA Z. MARTINEZ, Appellant, v. JUAN E. CAMOU, Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Patricia A. Young, Judge. Affirmed.

Olsen & Olsen and Casey A. Olsen for Appellant.

No appearance for Respondent.

_____

In this marital dissolution case, appellant Claudia Z. Martinez (Martinez) stipulated to a bifurcated trial on the validity of a premarital agreement. Despite this stipulation and her participation in several trial setting conferences, she waited nearly eight months to invoke her rights under *European Beverage, Inc. v. Superior Court* (1996) 43 Cal.App.4th 1211, 1213 (*European Beverage*) to have the same judge try all portions of a bifurcated court trial.

We hold that parties have an affirmative obligation to invoke *European Beverage* in a timely manner as necessary to avoid undue delay and increased litigation costs in marital dissolution cases. Because Martinez failed to do so, we affirm the trial court's order imposing $20,000 in sanctions under Family Code section 271.[1]

## BACKGROUND

Martinez and respondent Juan E. Camou (Camou) married in 2004. In 2022, Martinez filed a petition for marital dissolution and a request for order seeking temporary spousal support and other relief. In his response to the request for order, Camou provided a document written in Spanish, as well as an English translation, purporting to be a premarital agreement.

At a hearing on March 15, 2023, the trial court suggested that the parties discuss whether to bifurcate the validity of the premarital agreement. Camou's counsel stated: "That is what [Martinez's] counsel and I were going to raise. Counsel and I did speak prior to this hearing, and I believe that counsel is in agreement that we were just to stipulate to bifurcate that issue."

---

[1] All further statutory references are to the Family Code unless otherwise indicated.

2

Martinez's counsel did not dispute this representation. To the contrary, Martinez's counsel stated: "So at this point I don't mind coming back at a later time for determination as to whether we are ready to . . . set the hearing for bifurcation, but I think it should be several months down the road."

Following a lengthy discussion, the trial court stated: "Again, it sounds like the [premarital agreement] is kind of a big issue, and it could change a lot of different things for the parties. I think that is why I'm inclined to bifurcate that and address that early." Camou submitted to the court's tentative, and Martinez did not object.

The trial court set a trial setting conference "with regards to bifurcation of [the] validity of the premarital agreement." Again, Martinez's counsel did not object. Nor did Martinez's counsel raise the issue that, under *European Beverage*, *supra*, 43 Cal.App.4th at page 1213, a party is entitled to have the same judge try all portions of a bifurcated court trial that depend on weighing evidence and issues of credibility, absent a stipulation or waiver.

The case was then reassigned to a different judge. On June 6, 2023, the trial court conducted a trial setting conference on the validity of the premarital agreement. Martinez's counsel estimated that it would take "two or three days" and said, "I would assume it's going to go to a long cause judge for that." The court responded, "Right. It sounds like it." However, when Martinez's counsel asked whether the court would send the case to the supervising judge for reassignment to a long cause court, the court said, "Why don't we come back August 8th and see where we are and go from there." Martinez's counsel did not object to bifurcation or raise the *European Beverage* issue.

3

The case was again reassigned to a different judge. On October 25, 2023, the trial court held another trial setting conference. The court asked if the parties had a time estimate regarding the duration of a bifurcated trial on the premarital agreement. Martinez's counsel mentioned anticipated witnesses and exhibits, as well as various legal issues pertaining to the validity of the agreement. Again, Martinez's counsel did not object to bifurcation or raise the *European Beverage* issue.

On November 7, 2023, the trial court held another trial setting conference on "the bifurcated issue of the validity of the premarital agreement." Martinez's counsel provided a minimum two-day time estimate and requested that the case be transferred to a long cause court. After the court ruled that the case did not qualify for such a transfer, Martinez's counsel stated "that all issues need[ed] to be tried together so that the case w[ould] qualify for a long cause referral . . . ." Martinez's counsel "expressly decline[d] to give a *European Beverage* waiver on behalf of his client" (italics added) and rejected "a bifurcated trial on the validity of the premarital agreement."

Camou subsequently filed a request for order seeking $20,000 in sanctions under section 271 because, among other things, Martinez and her counsel reneged on their agreement to bifurcate the validity of the premarital agreement and waited until the hearing on November 7, 2023, to do so.

During the hearing on the request for sanctions, the trial court entertained oral argument but declined to hold an evidentiary hearing. The court explained that it would "not be aided by testimony because it was present when the conduct occurred and [had] reviewed the transcripts of the prior hearings submitted by the parties."

4

The trial court found that Martinez's counsel was either engaged in forum shopping or "just had no desire to move this case forward in an expeditious manner." The court found that Martinez's counsel agreed to bifurcate the trial and "acted in a manner as though [he] agreed [to a *European Beverage* waiver,]" but then refused to give the waiver after "several" trial setting conferences. The court found that Martinez's counsel was not credible in claiming "surprise[] that a *European Beverage* waiver would be required with bifurcation," given that counsel had practiced family law in Los Angeles County for, at that time, 38 years and was familiar with *European Beverage* waivers. The court also observed that Martinez's counsel invoked *European Beverage* only after the court set trial in her own courtroom instead of transferring the case to a long cause courtroom.

Accordingly, the trial court found that Martinez's counsel "engaged in conduct that frustrates the policy of the law to promote settlement, and unnecessarily increased the cost of litigation by refusing to give a *European Beverage* [w]aiver after agreeing to a bifurcated trial on the validity of the [p]remarital [a]greement and attending the [t]rial [s]etting [c]onference on that issue, which was continued several times." (Italics added.) The court ordered Martinez to pay Camou $20,000 in sanctions, at a rate of $750 per month, by having it deducted from her spousal support payment.

This timely appeal followed. (Code Civ. Proc., § 904.1, subd. (a)(12) [appeal may be taken from an order directing payment of sanctions in excess of $5,000]; *George v. Shams-Shirazi* (2020) 45 Cal.App.5th 134, 138–139 [an order awarding sanctions under section 271 is appealable].)

5

## DISCUSSION

### I.  Applicable Law and Standard of Review

"Section 271 ' "authorizes sanctions to advance the policy of promoting settlement of litigation and encouraging cooperation of the litigants" and "does not require any actual injury."  [Citation.] Litigants who flout that policy by engaging in conduct that increases litigation costs are subject to imposition of attorney fees and costs as a section 271 sanction.'  [Citation.]"  (*In re E.M.* (2014) 228 Cal.App.4th 828, 850, fn. omitted.)

We review a sanctions order under section 271 for an abuse of discretion.  (*In re Marriage of Hoch* (2026) 119 Cal.App.5th 80, 95.)  Under this standard, we will uphold the order unless we conclude that " 'considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order.' [Citation.]"  (*In re E.M.*, *supra*, 228 Cal.App.4th at p. 850.)

"To the extent that we are called upon to interpret the statutes relied on by the trial court to impose sanctions, we apply a de novo standard of review.  [Citation.]"  (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1479.)  We also interpret relevant court rules de novo.  (*In re A.H.* (2025) 115 Cal.App.5th 1217, 1227.)

### II.  The Trial Court Did Not Abuse Its Discretion

The trial court did not abuse its discretion in imposing sanctions under section 271.  Martinez concedes that she stipulated to bifurcate the validity of the premarital agreement. Martinez also concedes that "a party wishing to have the bifurcated issue tried with the remaining issues is required to advise the court at the earliest opportunity that the party will not give the court a *European Beverage* waiver."  We agree.  Parties

have an affirmative obligation to invoke *European Beverage* in a timely manner as necessary to avoid undue delay and increased litigation costs in marital dissolution cases.  This obligation stems from section 271, which "imposes a 'minimum level of professionalism and cooperation,' to effect the policy favoring settlement of family law litigation—and a reduction of the attendant costs.  [Citations.]"  (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1524.)

Here, Martinez waited until the trial setting conference on November 7, 2023, to invoke her rights under *European Beverage*, even though she had stipulated to bifurcation nearly eight months earlier and failed to object when bifurcation was discussed at three prior hearings.  In doing so, Martinez led the trial court and opposing counsel to believe that she would not invoke her right to have one judge try the entire case.  This constitutes undue delay, warranting sanctions under section 271.  Moreover, the court was eminently reasonable in permitting Martinez to pay the sanctions in installments by having them deducted from her monthly spousal support payment.

Martinez resists the claim of undue delay, arguing that she raised the issue at the "earliest opportunity" when the trial court declined to transfer the case to a long cause courtroom and classified the bifurcated issue as a short cause matter.  We disagree.  As the trial court correctly noted, a *European Beverage* waiver is still required in bifurcation of long cause family law matters because there is "no guarantee that that judge would have been the same judge to hear the rest of [the] matter."  The court also reasonably concluded that Martinez's counsel engaged in gamesmanship.  Given the heavy caseloads and frequency of judicial reassignments in the Los Angeles County Superior Court,

7

it is not credible that an attorney practicing family law in the jurisdiction for nearly 40 years would be surprised that a *European Beverage* waiver is required when bifurcating issues, even when a case is transferred to a long cause courtroom.[2]

Martinez also argues that the trial court erred in classifying the validity of the premarital agreement as a short cause matter and that the court was required to transfer any matter exceeding five hours to the family law master calendar court for assignment to a long cause court. Martinez is missing the forest for the trees. The sanctions award is justified because Martinez failed to raise the *European Beverage* issue in a timely manner, after stipulating to bifurcation, for purposes of gamesmanship. The propriety of the long cause threshold as a general matter and the court's decision not to transfer the case to a long cause court are irrelevant.

In any event, Martinez is incorrect. She identifies no statute, case, California Rule of Court, or local rule mandating that any family law matter exceeding one day be transferred to a long cause court. To the contrary, presiding judges and their designees have authority to determine which cases should be tried in which departments, given caseloads and judicial availability. (Cal. Rules of Court, rule 10.603(b)(1)(B), (c)(1)(D), (d).) As the trial court noted, the supervising judge had set the threshold at 15 hours, which fell within her discretion. California Rules of Court, rule 5.393, which defines a "long-cause hearing" as one exceeding one court day, does not limit the supervising

---

[2]    For the same reasons, *European Beverage* is sometimes implicated in short cause cases in the Los Angeles County Superior Court. Martinez notes that eight judges have handled aspects of this single case.

judge's discretion to assign cases or prohibit her from setting a higher threshold.[3]

Finally, Martinez contends that the trial court erred in denying her request for an evidentiary hearing on the issue of sanctions. (See § 217, subd. (a) [requiring a trial court to hold an evidentiary hearing on any motion brought under the Family Code "absent a stipulation of the parties or a finding of good cause"].) Here, the court found good cause not to hold an evidentiary hearing because the conduct at issue either occurred in the presence of the court or was documented in the transcripts submitted by the parties. The court did not abuse its discretion. (See *In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 390 [standard of review]; Cal. Rules of Court, rule 5.113.) The propriety of the sanctions award is apparent from the transcripts of the first three trial setting conferences and the minute order of the fourth, as well as the respective dates of the conferences. The court reasonably concluded that live testimony would be of no assistance.

---

[3]     Nor are judges required to accept the parties' trial estimates. (*California Crane School, Inc. v. National Com. for Certification of Crane Operators* (2014) 226 Cal.App.4th 12, 19.)

## DISPOSITION

The sanctions order is affirmed.  The parties are to bear their own costs on appeal.

CERTIFIED FOR PUBLICATION.

GOORVITCH, J.

We concur:

CHAVEZ, Acting P. J.

RICHARDSON, J.